UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON OLSON,<br><br>          Plaintiff,<br><br>v.<br><br>JAMES COUNTS,<br><br>          Defendant. | Civil No. 12-218 (ADM/TNL)<br><br>**REPORT<br>&<br>RECOMMENDATION** |

## I.   INTRODUCTION

This matter is before this Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). *See* Docket No. 2. For the reasons discussed below, **IT IS HEREBY RECOMMENDED** that Plaintiff's IFP application be **DENIED**, and that this action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(e)(2)(B)(ii).

## II.   BACKGROUND

On June 17, 2011, Plaintiff Aaron Olson commenced an action against the Social Security Administration ("SSA"). *See Aaron Olson v. Commissioner of the United States Social Security Administration*, Civil No. 11-1596 ADM/TNL, Docket No. 1 (D. Minn.

June 17, 2011). Plaintiff also filed an application for IFP in that matter. *Id.* at Docket No. 2. That IFP application was denied, but Plaintiff was referred to the Federal Bar Association's ("FBA") Pro Se Project. *Id.* at Docket No. 3. Through the FBA's Pro Se Project, Plaintiff retained counsel, who filed an Amended Complaint on October 31, 2011. *Id.* at Docket No. 13.

Less than three months later, Plaintiff Aaron Olson commenced the present *pro se* action against James Counts, an agent of the SSA. *See* Docket No. 1. Plaintiff also filed an application for IFP in this matter. *See* Docket No. 2. Because both actions have been assigned to this Court, this Court has had an opportunity to review the Complaint in the present action (hereinafter "the present Complaint") and the Amended Complaint from *Olson v. Commissioner of the United States Social Security Administration*, Civil No. 11-1596 ADM/TNL (D. Minn. June 17, 2011) (hereinafter "the Amended Complaint"). Based upon this Court's review, the parties, issues, and requested relief in these two actions are substantially similar.

First, although Plaintiff named SSA Agent Counts as the sole Defendant in the present Complaint, the alleged acts of SSA Agent Counts took place within the scope of his employment at the SSA. The Amended Complaint alleges that the actions were taken by the SSA.

Second, both complaints arise out of the same operative facts—the allegedly wrongful termination of Plaintiff's Supplemental Security Income ("SSI") in June 2011. As a basis for his claim, Plaintiff, in his Amended Complaint, alleges that (1) the SSA wrongfully suspended SSI payments to Plaintiff as a result of not being able to procure

information from Plaintiff's landlord, Pl's Am. Compl., Civil No. 11-1596 ADM/TNL, at ¶¶ 5-15; (2) Plaintiff has been unable to provide himself with food, shelter, and necessary medications as a result of the SSA's wrongful termination of his benefits, *id.* at ¶ 16; (3) the Court should waive the exhaustion of administrative remedies requirement because further resort to administrative processes would be futile, *id.* at ¶¶ 20-21; and (4) requiring Plaintiff to pursue administrative remedies violates his due process rights. *Id.* at ¶ 22.

In the present Complaint, Plaintiff seems to argue that (1) the SSA Agent Counts wrongfully suspended SSI payments to Plaintiff as a result of not being able to procure information he sought from Plaintiff's landlord, Pl's Compl., at ¶ 4; (2) SSA Agent Count's demands for information from Plaintiff's landlord placed an undue burden on Plaintiff's relationship with his landlord, which caused Plaintiff to become homeless, *id.* at ¶ 5; (3) the Court should waive the exhaustion of administrative remedies requirement because further resort to administrative processes would be futile, *id.* at ¶ 8; and (4) requiring Plaintiff to pursue administrative remedies would violate his due process rights. *Id.* at ¶ 12.  In addition to the allegations above, Plaintiff alleges that SSA Agent Counts engaged in unreasonable searches, *id.* at ¶¶ 6, 10, 11, and stated that "conserving public funds" was the basis for terminating Plaintiff's SSI payments. *Id.* at ¶ 9.  To this end, Plaintiff states that the present Complaint is a *Bivens* action for violation of Plaintiff's constitutional rights.[1]  *Id.* at ¶ 12.

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Third, the requested relief in these two actions seems to be the same. In the Amended Complaint Plaintiff seeks: (1) reversal of SSA's decision to terminate SSI benefits and reinstitution of those benefits; (2) back payment of SSI benefits; (3) Plaintiff's costs and attorney's fees; (4) tort and monetary damages for violation of Plaintiff's constitutional rights; and (5) other relief the court may deem just and proper. Am. Compl. In the present Complaint, Plaintiff seeks declaratory and injunctive relief from the actions of SSA Agent Counts, and reasonable monetary damages. Pl's Compl.

### III. ANALYSIS

On an IFP application, a federal court "shall dismiss" an action that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). For the reasons set forth below, this action should be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(e)(2)(B)(ii).

"In *Neitzke* [*v. Williams*], the Supreme Court explained that an action is frivolous if 'it lacks an arguable basis either in law or in fact.'" *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324-35, 109 S. Ct. 1827, 1830-31 (1989)). The Eighth Circuit Court of Appeals has held that a complaint that is duplicative or repetitive of another complaint is, thus, frivolous. *Aziz*, 976 F.2d at 1158-59. "[The] general rule for determining duplicative litigation is whether the parties, issues, and available relief do not significantly differ between two actions." *Patel v. Prince*, 276 Fed. Appx. 531, 532 (8th Cir. 2008) (citing *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986)). Applying these principles, the Eighth Circuit Court of Appeals has held that an action involving a different correctional facility

and different defendants is duplicative if it could be addressed in a consolidated action. *Aziz*, 976 F.2d at 1159.

Plaintiff's present action should be dismissed as frivolous because Plaintiff is attempting to engage in duplicative litigation. The parties, issues, and available relief do not significantly differ between the two actions. All of Plaintiff's allegations and claims in the present Complaint could have been adjudicated under 42 U.S.C. § 405(g)—the operative statute in Plaintiff's Amended Complaint. *Cf. Goodale v. Halter*, 257 F.3d 771, 772 (8th Cir. 2001) (construing a claim for denial of social security benefits brought under *Bivens* as a claim brought under 42 U.S.C. § 405(g)).

Plaintiff's present action should also be dismissed for failure to state a claim upon which relief can be granted. The United States Supreme Court has held that the claims and relief sought by Plaintiff in the present Complaint are unavailable as a matter of law. *See generally Schweiker v. Chilicky*, 487 U.S. 412, 108 S. Ct. 2460 (1988) (holding that Social Security recipients do not have a private right of action against social security administrators because Congress set up other remedies).

### IV. RECOMMENDATION

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's IFP application be **DENIED**;
2. That this action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(e)(2)(B)(ii); and

3. The Clerk of Court be directed to enter judgment accordingly.

Dated: February 17, 2012

              s/ Tony N. Leung
              Magistrate Judge Tony N. Leung
              United States District Court

              CIVIL NO. 12-218 (ADM/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **March 5, 2012**.